Townsend and Paulison *v.* Tuttle.

ZEBULON E. TOWNSEND and JOHN C. PAULISON, assignees, &c., of John C. Anderson, appellants,

and

SARAH L. TUTTLE, otherwise called SARAH L. STEWART, and others, respondents.

A party who is not a *bona fide* creditor, is not entitled to equitable relief on a creditor's bill to set aside conveyances alleged to have been made for the purpose of hindering, delaying and defeating his judgment.

On appeal from final decree. The opinion of the chancellor is reported in 11 *C. E. Gr.* 144.

*Mr. C. Parker*, for appellants.

*Mr. J. Vanatta*, for respondents.

WOODHULL, J.

John C. Anderson, claiming to be the owner of several judgments, one by confession and the others by assignment, filed his bill for relief in the court of chancery, alleging that certain lands which had previously been conveyed to the other defendants, Sarah L. Stewart and Augustus W. Cutler, respectively, had been so conveyed by the procurement of Daniel L. Tuttle, for the purpose of hindering, delaying and defeating his creditors; and that the said lands were in fact then held by the said two defendants respectively, in trust for the said Tuttle; and praying that said lands might be declared to be the property of, and to be held in trust for the said Tuttle; and might, by the decree of said court, be sold for the purpose of paying to the complainant the amount due and owing upon his said judgments.

Two questions are raised by the pleadings, both of which must be answered affirmatively to entitle the complainant or

his assignees to the relief prayed for in the bill. They are: 1. Was the complainant, Anderson, at the time of filing his bill, a *bona fide* creditor of the defendant, Tuttle? 2. Are the lands described in the bill in fact the property of Tuttle, and held in trust for him as therein alleged?

The principles of law involved are so elementary and familiar, that these questions may be regarded as essentially questions of fact depending entirely for their solution upon the testimony in the cause and the credibility of the witnesses.

The conclusion reached by the chancellor upon the first question was that the complainant, John C. Anderson, was not in fact, as he assumed in his bill of complaint to be, a *bona fide* creditor of Daniel L. Tuttle.

Being entirely satisfied with the correctness of this conclusion, and as it seems to us that a further discussion of the evidence could answer no useful purpose, our opinion is that upon the first question, and without any reference to the other, neither the complainant, Anderson, nor his assignees, the appellants, can be entitled to relief in this case.

The decree of the chancellor is therefore affirmed, with costs.

Decree unanimously affirmed.